Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3157 | DATE | 8/2/2004 |
| CASE TITLE | Ray vs. Citigroup Global Markets | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the third party defendants' motion to dismiss Citigroup, Inc.'s third party complaint (58-1).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 04 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | 2004 AUG -3 PM 5:12 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHERWIN I. RAY, *et al.*,           )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   Case No. 03 C 3157
                                    )
CITIGROUP GLOBAL MARKETS,            )
INC., CITIGROUP, INC., and          )
JOHN HENRY SPATZ,                   )
                                    )
            Defendants.              )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case are purchasers of shares of SmartServ Online, Inc. ("SSOL") who claim that they were induced to purchase the stock and retain it due to fraudulent representations and omissions by John Spatz, the top institutional broker at Salomon Smith Barney, Inc., now known as Citigroup Global Markets, Inc. ("CGM"). The plaintiffs have sued Spatz and CGM for violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b-5 promulgated thereunder (Count 1); common law fraud (Count 3), conspiracy (Count 4), and negligent misrepresentation (Count 5), and they have also sued CGM for negligent supervision (Count 5). Finally, the plaintiffs have also sued CGM's parent company Citigroup, Inc. ("Citigroup") on a single claim of "control person" liability under section 20(a) of the 1934, 15 U.S.C. § 78t(a) (Count 2). Section 20(a) provides that "[e]very person who, directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same

extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action." Plaintiffs have made no state law claims against Citigroup.

Only three of the 226 plaintiffs say they dealt directly with Spatz; the others claim that his misrepresentations were passed onto them, unknowingly, by their own brokers. Each of the defendants has filed a third party claim against the plaintiffs' brokers, alleging that the brokers had, and breached, a duty to act reasonably in advising the plaintiffs regarding the decision to invest in SSOL, and, in particular, that they should have conducted their own investigation into the truth of Spatz's alleged representations before giving advice to the plaintiffs. *See* Third Party Complaint ¶¶ 21-23. The third party claims of Spatz and CGM have been dismissed without prejudice because they are subject to an agreement to submit them to arbitration. The brokers have moved to dismiss Citigroup's third party claims, which the Court has ruled are not subject to arbitration.

**Discussion**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, not the merits of the claim. *Triad Assoc., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). A complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that there is no set of facts in support of the plaintiff's claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When evaluating a motion to dismiss, the court accepts as true the complaint's properly pled allegations and draws reasonable inferences in the plaintiff's favor. *E.g., Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).

However, the court need not "'strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint.'" *Beam v. IPCO Corp.*, 838 F.2d 242, 245 n.3 (7th Cir. 1988) (quoting *Coates v. Ill. State Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977)).

The Supreme Court has held that the defendants in a suit based on an implied private right of action under § 10(b) of the 1934 Act and SEC Rule 10b-5 "have a right to seek contribution as a matter of federal law." *Musick, Peeler & Garrett v. Employers Ins. of Wausau*, 508 U.S. 286, 288 (1993). (We assume, without deciding, that the same right applies to entities like Citigroup that are claimed to be liable only as control persons under § 20(a).) The Court's decision in *Musick* confirmed the decisions of "the vast majority of Courts of Appeals and District Courts that [had] considered the question," including the Seventh Circuit's decision in *Heizer Corp. v. Ross*, 601 F.2d 330, 331-34 (7th Cir. 1979). *Musick*, 508 U.S. at 297. The Court reasoned that it was not creating a new cause of action, but instead deciding "how damages would be shared among persons or entities already subject to that liability." *Id.* at 292. Parties subject to that liability are "by definition, persons or entities alleged to have violated existing securities laws and who share joint liability for that wrong under a remedial scheme established by the federal courts." *Id.*

To violate the securities laws a defendant must be proven to have scienter, defined as a mental state embracing the intent to deceive, manipulate or defraud. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976). In *Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033, 1044-45 (7th Cir. 1977), the Seventh Circuit held that recklessness can satisfy the scienter requirement. The standard for recklessness in this context is the functional equivalent of intent to deceive: "the danger of misleading buyers must be actually known or so obvious that any

3

reasonable man would be legally bound as knowing." *Id.* at 1045. By contrast, negligent acts do not violate the securities laws. *Id.*

A person sued for contribution under the securities laws must meet the same standard as any other person sued under those laws, including the requirement of scienter. *See Riordan v. Smith Barney*, No. 84 C 3216, 1987 WL 12179, at *1-2 (N.D. Ill. June 9, 1987); *Barker v. Henderson, Franklin, Starnes & Holt*, 797 F.2d 490, 495 (7th Cir. 1986). It stands to reason that this would be so, as the predicate for the Supreme Court's decision in *Musick* was that it was simply addressing how responsibility should be shared among defendants subject to liability. In short, the scienter requirement applies to Citigroup's contribution claims against the brokers.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") strengthened the pleading requirements for federal securities claims. It requires plaintiffs to plead facts that show direct evidence of falsity and scienter, or that justify a strong inference of both. *See, e.g., Ray v. Citigroup Global Markets, Inc.*, No. 03 C 3157, 2003 WL 22757761, at *2 (N.D. Ill. Nov. 20, 2003).

The PSLRA also contains provisions dealing with claims for contribution; it provides that a defendant can only be jointly and severally liable for a violation if it acted knowingly. 15 U.S.C. § 78u-4(f)(2)(A). If the defendant did not act knowingly, then it is liable "solely for the portion of the judgment that corresponds to the percentage of [its] responsibility." *Id.* § 78u-4(f)(2)(B). This would seem to eliminate joint and several liability for defendants found to have acted recklessly, as opposed to knowingly.

Section 78u-4(f)(8) deals directly with the right of contribution:

> Contribution. A covered person[1] who becomes jointly and severally liable for damages in any private action may recover contribution from any other person who, if joined in the original action, would have been liable for the same damages. A claim for contribution shall be determined based on the percentage of responsibility of the claimant and of each person against whom a claim for contribution is made.

15 U.S.C. § 78u-4(f)(8). A person can be "liable for the same damages" as someone else found liable under the securities laws only if the person acted with scienter; the PSLRA did not eliminate or weaken the scienter requirement. Thus the PSLRA likewise permits contribution only from those persons who acted with scienter.

As indicated earlier, the PSLRA requires that to allege scienter, the complaint must state "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). *See, e.g., In Re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970, 979 (9th Cir. 1999) ("Plaintiffs proceeding under the PSLRA . . . can no longer aver intent in general terms of mere 'motive and opportunity' or 'recklessness,' but rather, must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent."). As the First Circuit has stated, "[t]he most salient feature of the PSLRA is that whatever characteristic pattern of the facts alleged, those facts must now present a strong inference of scienter. A mere reasonable inference is insufficient to survive a motion to dismiss." *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 196 (1st Cir. 1999).

As the Court indicated in an earlier ruling in this case, in evaluating the sufficiency of allegations of intent, decisions in this District have generally followed the Second Circuit's pleading standard, which requires plaintiffs to allege facts either (1) showing that defendant had a motive and opportunity to commit fraud; or (2) that constitute strong circumstantial evidence of

---

[1] A covered person is "a defendant in any private action arising under this title." 15 U.S.C. § 78u-4(f)(10)(C)(i).

conscious misbehavior or recklessness. *Ray*, 2003 WL 27757761, at *4 (citing cases).

Negligent acts do not violate the securities laws. That, however, is all that Citigroup has alleged with regard to the brokers. Specifically, they allege only that the brokers had a duty to their customers to perform their own investigation and failed to do so. *See* Third Party Complaint ¶ 23. There are no allegations in the complaint from which one could draw any sort of an inference of conduct that was intentional, knowing, or reckless (as that term is used in this context), let alone the "strong" inference required by the PSLRA. Citigroup's third party complaint therefore fails to state a claim against the brokers.

Citigroup argues that its claim against the brokers can be sustained based on state law, which is says "indisputably provides for contribution claims here." Citigroup Reply at 1. A state law contribution claim might be appropriate if the plaintiffs were seeking to hold Citigroup liable on one of their state law claims. But, as the Court has noted, the only claim the plaintiffs have made against Citigroup is their claim of control person liability under § 20(a) of the 1934 Act. The right to contribution on this federal statutory claim exists only as a matter of federal law – specifically, as the Supreme Court said in *Musick*, by "infer[ring] how the 1934 Congress would have addressed the issue had the 10b-5 action been included as an express provision in the 1934 Act." *Musick*, 508 U.S. at 294. As such, the state law of Illinois, New York, and Oklahoma, upon which Citigroup relies, have absolutely nothing to do with viability of its contribution claims.

## Conclusion

For the reasons stated above, the Court grants the third party defendants' motion to

dismiss Citigroup, Inc.'s third party complaint [docket # 58-1].

／s／ Matthew F. Kennelly
MATTHEW F. KENNELLY
United States District Judge

Date:   August 2, 2004